Good morning, ladies and gentlemen. The first case on the call this morning is case number 122081, People v. Manning, agenda number 4. Counsel, are you ready? And are you? You may proceed. May it please the Court, Counsel, Assistant Attorney General Lindsay Payne, on behalf of the People. All of the issues in this case are resolved by this Court's own precedents, beginning with the Court's 1989 decision in Schumpeter, holding that the State has no burden to disprove mitigation, and continuing through the Court's recent decision in Stockie just this past November. The Court has consistently held that first and second degree murder have the same elements, that a lack of mitigation is not an element of first degree murder, and that the State has no burden to disprove mitigation. These precedents are correct. The plain language of the murder statutes places the burden of proving mitigation on the defendant. Now, what does that burden mean in this context? It means he must persuade all 12 jurors by a preponderance of the evidence of mitigation. And if he falls short, then the verdict of guilty of first degree murder, which has already been found unanimously by the jury, must stand. If we flip that around, and we instead say the defendant is guilty of first degree murder only if all of the jurors can agree that there's no mitigation, then what we're actually doing is placing a burden on the State to disprove mitigation, which is contrary to the plain, unambiguous language of the murder statutes in this Court's precedents. The crux of the defendant's argument is that if some jurors believe the verdict should be guilty of second degree murder, then necessarily the jurors do not unanimously agree that the defendant is guilty of first degree murder. But that simply misunderstands the nature of the murder statutes. The second degree murder is a lesser mitigated offense to first degree murder. The defining characteristic of this lesser mitigated offense is that the mitigating factors do not negate any element of first degree murder. The mitigating factors are completely independent of the elements of first degree murder. And in fact, first and second degree murder have all the same elements and require the same mental states. The defendant here, just as are all defendants, was entitled to a unanimous verdict on the elements of the crime for which he was convicted. And that is exactly what he received. We know from legislative debates and from articles written by the drafters of the legislation, that second degree murder was intended as an act of legislative grace. It is an opportunity for someone who has committed murder to nonetheless show circumstances that may justify a lesser punishment. But if this court holds that proving every element of first degree murder beyond a reasonable doubt is not sufficient to secure a conviction, then what the court's doing is creating a new element to first degree murder. It's placing a burden on the state to prove that element, and it's overturning its own precedence in Shumpert, Porter, Lopez, Jeffries, and Stockie. How do you address counsel defendant's argument that once even a single vote is cast for second degree murder, that first degree murder is no longer unanimous? I think that that goes back to the somewhat unique scheme that the General Assembly created in this situation, where second degree murder is first degree murder plus something else. So the fact that some jurors think that he has shown mitigation, as I said, doesn't negate any of the elements of first degree murder. And to say that a hung jury should resolve, rather than standing by the unanimous finding that the state has proven every element of first degree murder beyond a reasonable doubt, simply doesn't comport with the intent of the legislature here. To say that the state has proven every element of first degree murder beyond a reasonable doubt, but nonetheless we're going to have a hung jury if the defendant can't meet his burden of showing mitigation by a preponderance of the evidence, would lead to absurd consequences. For 30 years, we've been telling jurors, don't even consider second degree murder unless you've first found that the state has proven every element of first degree murder beyond a reasonable doubt. During that time, we haven't been requiring special verdict forms or jury polling, and we have not seen a rash of hung jurors, hung juries. It seems that the juries during this time, as well as the courts and the litigants, have understood that a lack of unanimity on mitigation properly results in a verdict of guilty of first degree murder. In fact, the prosecution told the jury as much during closing arguments in this very case, and defense counsel did not object. Is the determination that a mitigating factor exists inconsistent with the jury's finding of guilty of first degree murder, or is that just a supplemental finding? It is just a supplemental finding, and that is what this court has consistently held from Schumpert on, and that is exactly what the General Assembly intended. If they wanted to make it a lesser included offense, the General Assembly knew how to do that. If they wanted it to be an affirmative defense that the state had to disprove beyond a reasonable doubt once raised, the General Assembly knew how to do that. The fact that it is somewhat unique within criminal law does not mean that we shouldn't follow the expressed intent of the General Assembly. And the question that the jurors asked here, which was for approving mitigating factors to reduce charge to second degree murder, if vote on mitigating factor is not unanimous, does it revert to first degree murder? That question itself suggests that the jurors actually understood the proper interplay between first and second degree murder in this case, and they were merely seeking a confirmation of that understanding from the court. So in short, there wasn't error, but in this case, if there was error, it was invited by defense counsel. At pages 1586 to 90 of the record, defense counsel actually argued in favor of the answer that the court gave to the jury's question in this case. He cannot now complain about the very answer that he argued for in the trial court. And his later request for specific jury polling did not preserve his jury question claim. The jury question and jury polling claims are legally distinct, and they needed to be separately preserved. But it is true that the claims fail for the exact same reason, even though they're legally distinct. They both fail because a lack of unanimity on second degree murder properly results in a verdict of guilty of first degree murder. And it is irrelevant how many jurors, short of 12, thought that the defendant had met his burden of showing mitigation. Additionally, even if there was some error in the manner in which the trial court responded to the jury's question, the trial court did not abuse its discretion in declining additional jury polling. This court has cautioned against jury polling that could influence the jury's verdict or reopen deliberations. And further questioning in this case would have done just that. It would have invited explanation from the jurors about their verdict, and it could have given the appearance of pressuring jurors to change their verdicts. So the trial court avoided those pitfalls by using the tried and true jury question, was this then and is this now your verdict? The trial court determined that the jurors had been properly instructed on first and second degree murder. And the court found that the polling it used had assured a unanimous verdict of guilty of first degree murder. That decision was not an abuse of discretion. If the court has no further questions, I save my time for rebuttal. Seeing none, thank you. Good morning. May it please the court. My name is Paul Rogers. I'm with the Office of the State Appellate Defender, and I represent Martha Manning. Now, as the Counsel to the State alluded, there are two issues in this case. This case involves two omissions. One, not answering the jury question, and two, not holding the jury as it has been requested. I've argued that those issues are married in some sense. The appellate court disagreed. The state made that argument that they are separate issues. And has argued that the first issue can't be reviewed because it's not a clear error. I stand on my position in disputing that, and that wasn't invited, and that the jury question issue results in plain error. But what I want to emphasize is, and I think counsel alluded to this in a way when she mentioned that, the polling issue would fail for the same reason that the jury question issue would fail if it had been preserved. That I think essentially is the crux of this case. So what's the correct answer to the jury question? Could I just go back one step since you began with procedural position? Yes. This case comes to us not straight up with the issue about unanimous verdict in the second degree area, but in this argument you make that the error here, which you say is plain error, is the failure to ask a second polling question of the jury. Correct? That's how it comes to us? Well, that's what the appellate court, that's the grounds that the appellate court reversed on, yes. My position, though, is that the underlying error is the failure to protect the defendant's constitutional statutory right to the unanimous verdict. So are you aware of any case where the court exercised its discretion to not ask a second question but was found to be a reversible error? I can't say that I have, but I think when you analyze this case that's the result you have to come to because, as I said, the jury asked a question, and I disagree with counsel when she said that the question shows that the jury understood its instructions and was assessing for confirmation. I think it shows that the jury didn't understand the instructions and was looking for guidance. They didn't get it. And the answer was your verdict must be unanimous. Is that wrong? No, that's correct, but it doesn't answer the question. The jury already knew it had to be unanimous. The jury's question was if we are split about the existence or nonexistence of a litigation factor, does it, and I assume by it they mean the verdict, revert to first-degree murder? So the other aspect of your argument is the court's obligation to answer questions. Yes. And that saying your answer is unanimous is such that were that not invited error, that there was not an agreement to this, which is your argument, that that failure to say anything more than unanimous was reversible error? Well, it would be, if that issue was preserved, the failure to answer the jury's question would be plan error. Well, it would be, if it was preserved, it would be plan error. It would be reversible error. I disagree that it was invited error, but think of it this way. The jury's question gave the trial judge an opportunity to answer a decisive, potentially decisive question. What do we do if we're split on the existence of a mitigating factor? Does it revert to first-degree murder or not? Now, telling the jury that the judge needed to answer that question directly, I think child stand should have that proposition. The judge didn't answer that question directly. The judge essentially got a second chance to cure the prejudice arising from her failure to give an answer, a sufficient answer to the question by polling the jury in the manner the defense counsel requested, because they come to the same thing. Just one last question about how the judge interacted with the jury. The judge did instruct the jury as to the elements and how first- work together, and there's no objection as to that instruction. And I assume that the judge provided to them, to the jurors, the three verdict forms that the IPI requires. That is, not guilty of first-degree murder, guilty of first-degree murder, and guilty of second-degree murder with no verdict form for second degree. Is that correct? With no, I'm sorry, no verdict form for second degree? Right. For not, I'm sorry, for not guilty. Right, the three verdict forms are just not guilty, period. Guilty of first-degree murder and guilty of second-degree murder. So when the court says your verdict must be unanimous and these are your three choices, isn't the court saying if you're not unanimous on second degree, then your choice is either to be unanimous on guilty of first degree or not guilty of first degree? Well, that's exactly the problem in the case and the confusion that exists from the instructions because the jury is told that the verdict has to be unanimous. But on the other hand, it's also told that if the defendant proves by preponderance of the evidence, in fact, the verdict should be second-degree murder. So as the appellate court, I think, cogently explained in paragraph 15, the unanimous finding that you state through the elements of first-degree murder is a prerequisite for considering second-degree murder. If some jurors, if all the jurors agree that the defendant didn't meet that burden, it's guilty of first-degree murder. If all the jurors, the answer is the defendant did meet that burden, then it's guilty of second-degree murder. If some jurors say yes and some jurors say no, there is no verdict because the verdict has to be unanimous and it can't be unanimous. Isn't the basis of your entire argument, the error in answering the question, based upon your argument that the finding by any one juror of a mitigating factor negates first-degree murder? Isn't that the basis of everything here? I wouldn't say it negates first-degree murder. What's the purpose of the question asking if their decision was unanimous on the issue of second, on a mitigating factor? Because under our case law, there's no requirement that there be a unanimous finding of no mitigating factor. Or there can be one or two jurors finding one way, one finding the other way, and it still goes back to first-degree murder. That's our jurisprudence, I believe. I beg to disagree. I don't think that Jeffries or any of the cases that you cite stand for that proposition. So the entire premise of your argument on the error on the questions has to do with whether finding no mitigating factor has to be unanimous. Exactly. There's no question of who has the burden. There's no question of what happens if they're unanimous one way or the other. The question really is what the decision-making process is, and counsel alluded to this also, what the decision-making process is when you have a first-degree murder case where a second-degree murder is also in play. And if you look at the statute, 9-2-C, and the instructions, 7-06-B, including instruction 26.01, they talk about it in terms of elements and not verdicts. So the decision-making process is first the jury asks, has the state met its burden of proving the elements, or as the instructions refer to it, the propositions required for first-degree murder? If you answer that question unanimously, yes, then you move on. Second question, has the defendant met his burden of proving a mitigating factor by preponderance of the evidence? Only if the jurors are unanimous, yes or no, do you have a verdict. So in a way, this case involves when do we have a verdict in a first-degree murder case where second-degree murder is also in play? Isn't that exactly what your opponent has argued, is requiring the state then to disprove mitigation? No, the state has to disprove nothing. But in order to get a conviction of first-degree murder where second-degree murder is in play, they have to prove all the elements of first-degree murder, and they also have to disprove the mitigation. Otherwise, it's either a hung jury or it's a not guilty. Is that right? They don't have to disprove anything. I can answer Ron's question this way. The burden is on the defendant to prove the existence of a mitigating factor by preponderance of the evidence. That burden never shifts. The state doesn't have to prove any evidence on that. It has no burden to prove it or disprove it. Now, the state might have to argue that the defense hasn't met that burden by preponderance of the evidence. But having to argue it is different from having the burden to disprove something. Defendants all the time, in any criminal case, often resort to an argument that the state has met its burden of proving the elements of the offense beyond reasonable doubt in order to avoid a guilty verdict on the charged offense. I don't think it's unfair or burdensome on the state if they have to make a similar argument to avoid a guilty verdict on secondary murder. The result wouldn't be, well, there's not even unity. I just want to be clear. There's no verdict on secondary murder. There's just no verdict, period. I think where you were going, Mr. Rogers, before being asked a number of questions, I just wanted to make sure it was kind of preface to your argument, really. The issue, although technically framed as an abuse of discretion by the trial judge to pull the jury with respect to the question, I think you were going to say the issue is really, and that's how the argument's gone, is where a jury splits on the presence of a statutory mitigating factor as a result of conviction for first-degree murder, right? Because how we answer that question necessarily handles the technical issue of whether there was abuse of discretion. If the state's right, there's obviously no abuse of discretion. If you're right, there was, right? Right. My question for you is, is there anything about the statute that would lead us to believe it was meant to operate in such a way that a single vote for the presence of a mitigating factor negates the already decided first-degree murder verdict? I don't think the statute answers that question either way. And because the statute doesn't answer that question, and I'll anticipate, as I mentioned the rule of lenity, and I'll anticipate the reply that we need to look at the legislative history to determine the legislature's intent before we can invoke the rule of lenity, I understand the position and the limitations on the rule of lenity expressed in that case. The problem, I think, is when you look at the legislative history that's cited by the state, there's nothing in that legislative history that shows an intent to allow a guilty verdict on first-degree murder without unanimity on the presence or absence, I'm sorry, without unanimity regarding mitigating factors. The discussion, as I read the legislative history cited by the state, was mostly concerned with fixing the old problem back in the 80s where the burden of proof was allocated, was misallocated, essentially, where the state had the burden of disproving the mitigating factors. The legislation in the 80s fixed that problem, but it left this other problem, which is, well, what do we do if we're split? Now, given that, and given that the legislative history doesn't really answer that question, I think the rule of lenity does apply, and you have to look at, and certainly there's no such intent reflected in the statute itself. And so I think we are in a position of saying that this is a fairly grievous ambiguity in the statute and that we would have to guess the legislative intent. Therefore, even under Gutman, the rule of lenity would apply, and when we apply that, the result is that, given the constitutional importance of unanimous verdicts, you have to err on the side of the defendant and read the statute as it's currently written to prohibit a verdict on first-degree murder where there is a split about the existence of mitigating factors. The state, in their brief, not today I think so much, but made some other arguments as to support its position. One that, considering the statute in the manner that I suggested, would make it harder for the state to prove first-degree murder. That may be true, but it presumes that the legislature intended to make it easier for the state to prove first-degree murder, not only by reallocating the burden as it did in the 1980s, but also by permitting a guilty verdict on first-degree murder where there's a split where some jurors, up to 11 jurors, believe that a mitigating factor has been proved by the defendant beyond a preponderance. This lack of unanimity really cuts both ways. So if we agree with you, in a case like this, would the jury need to be instructed that they have to be so instructed and so fined? In other words, not only that we find the defendant guilty of first-degree murder, we find unanimously that the defendant has not proven any mitigating factor. I think that's a fair inference, and I think this case provides this court an opportunity to provide a roadmap for attorneys and trial courts for those kinds of instructions. Essentially tell the jury the layout of the decision-making process that I talked about before. If you're unanimous that the state has met its burden to prove first-degree murder, it's not guilty, period. So if you are unanimous about that, then you move on to the mitigating factor question. If you agree that the defendant has met its burden, then it's first-degree murder. If you agree unanimously that the defendant has met its burden, the verdict is second-degree. If you can't decide, there's no verdict. There's no verdict as in not guilty across the board? Right. It's a hung jury. There's no verdict, period. Now, I understand this is a problematic statute. And as I mentioned before, this legislation in the 1980s fixed one problem, but it left another problem, the problem that we are talking about today. Courts, trial attorneys, need guidance. One way this court, in the decision that it hands down in this case, can provide that guidance. There are also possibilities for the legislature to fix this problem. They can amend the second-degree murder statute to make its intent clear one way or the other. I won't purport to speak for the legislature in what it thinks is best. All I will say is that so far, the legislature has not made its intent clear that we shouldn't read into this statute something that's not there when we're talking about something as important as constitutional rights being handled as a verdict. Another legislative fix would be simply to abolish second-degree murder, sort of go one step further than what they did back in the 80s, and simply make the presence of a mitigating factor, something the defendant can prove, at sentencing. That, in fact, is what the legislature did with respect to attempt murder. If you look at the attempt murder sentencing provisions, say it's 8-4-C-1-E, something like that, the attempt statute, that's how it works for attempt murder. The defendant has a chance to prove a mitigating factor at sentencing. It lowers the range of sentencing. Because it does that, if you did the analogous thing in this case with respect to mitigating factors, it's not an element of the offense under apprendee. There's no apprendee problem. There's no constitutional problem. The legislature could do that. The legislature could do either one of the things that I suggested. If we disagree with your take on what has to be proven, and one juror can result in either a hung juror, jury, or it shouldn't be more than one, do you still have an argument that there's an error in the answer that the trial judge gave? I'm sorry. The trial judge used the standard response. And, of course, the jury returned a verdict that would be consistent with the instructions that were given as pointed out by Justice Hikes on how the burden of proof works. If we disagree with your understanding that one juror can find a mitigating factor is sufficient to find not guilty of murder, we disagree with that, do you still maintain there was an error in the trial judge's response? Well, no. I mean, if I understand your question correctly, you're asking if the correct answer to the jury question would have been, yes, it does revert. Right. Obviously, there wouldn't be – there would be an error in the sense that the judge didn't really respond to the question. Which is the other part of your argument. But it would be harmless because the correct answer, if the correct answer was, yes, it does revert, I wouldn't be here today. I'm here today, and I'm here today to ask this court to affirm the judgment of the appellate. Thank you. Thank you. I agree with the defendant that the core question in this appeal is what the correct answer to the jury's question here was, and as the prosecution argued in the trial court, the correct answer to the jury's question was yes. The defendant says that he was denied the constitutional right to a unanimous jury, but there's no other context, and certainly the defendant hasn't pointed to one, where we would look outside of the elements of the crime for which the defendant was convicted to determine whether the verdict was unanimous. Here, there's three elements to murder. We don't have to ask about anything outside of those three elements to determine whether the defendant was afforded his right to a unanimous jury. Certainly, the judge here could have answered the question with a yes, but then the trial court would have been running the risk of appearing to direct a verdict to the jury, which it avoided here. I think the court is correct. Justice Tice was talking about the pattern jury questions, jury instructions. As we see in the existing pattern jury instructions, once the jury finds the defendant, that the state has proven every element of first-degree murder beyond a reasonable doubt, there's only two options. Is the defendant guilty of first-degree murder or guilty of second-degree murder? The fact that these have been the pattern jury instructions for so long, my opponent is talking about, well, should we create new pattern jury instructions that would instruct the jurors, if you're not unanimous on mitigation, then you're a hung jury. The fact that we haven't had that instruction for 30 years, and instead we've had instructions that say, if you find all of the elements of first-degree murder, here are your options, guilty of first or guilty of second. That's just further evidence of the intent of the legislature and the understanding of the pattern jury instructions committee and litigants for the last 30 years, that under this court's precedence from Schumpeter on, a lack of unanimity on mitigation results in a verdict of guilty of first-degree murder. Do you perceive any due process concerns, if we hold it, that jurors' failure to unanimously agree on the presence of a mitigating factor results in a reversion to the last unanimous decision they made, that is planning murder one? Absolutely not. And this court has recognized that under U.S. Supreme Court precedent, that is a permissible scheme, that he can have the burden of showing this mitigating factor to reduce his punishment for second-degree murder. And it really goes to what the court was just discussing, that it is putting a burden on the state, if we say that the jury has to unanimously agree that there's no mitigation. When we're talking about a burden of preponderance of the evidence, there's no daylight between putting the burden on the state on the one hand and putting the burden on the defendant on the other. If you're going to say that the jury has to be unanimous in its decision, that there's no mitigation, then you are in fact putting a burden on the state, albeit by a preponderance of the evidence, but you're putting a burden on the state to disprove mitigation. And that's directly contrary to the language of the murder statutes. My opponent discussed the legislative history here, and the legislative debates and the articles written by the legislation's drafters shows that the entire point of the amendment was to put the burden on the defendant and not on the state. And defendant's proposed construction does just the opposite. The rule of lenity doesn't apply here because we don't need to guess what the legislature intended. We have plain language in the statute saying it's the defendant's burden to prove mitigation. We have the statements during legislative debate saying the point is to make it the defendant's burden, and we have this court's consistent precedent upholding that construction of the act. Does that legislative history also support the finding that the defendant's burden is proving it unanimously? It's implicit in it, but not explicit. I think it comes down to what are the logical consequences of those statements in the legislative history, as well as what are the logical consequences of this court's holdings that first and second degree have the same elements, that lack of mitigation is not an element of first degree murder, and that the state doesn't have a burden to disprove it. It cannot accept the defendant's proposed construction of the murder statutes. And the state is not presuming that the court needs to construe criminal statutes in a way that makes it easier for the state to secure convictions. The state is merely asking the court to confirm that legislative intent, to put the burden, and it's a pretty low burden actually, preponderance of the evidence, to put that burden on the defendant. The defendant talked about how in the attempted murder context that mitigation can be a sentencing factor, and potentially that could be a legislative fix here. But the only reason it's a sentencing factor in the attempt context is because this court held in Lopez that there's no such crime as attempted second degree murder, and that's because the attempt statute, the specific language of the attempt statute, says that the defendant has to have the specific intent to commit a crime. It's not that they have to have the mens rea required by the underlying crime. So that's a completely separate issue, but nothing stops the trial court here if a defendant has put on evidence of mitigation, but the jury has not unanimously agreed on mitigation and returned a verdict of guilty of second degree murder, the trial court can absolutely consider that, and in this case most likely did. The sentencing range for second degree murder is four to 20 years. The sentencing range for first degree murder is 20 to 60 years. Defendant here received a sentence of 25 years, likely on the basis of the evidence of mitigation that he presented. So it's not that mitigation is completely off the table and irrelevant, and that we're dooming these defendants to excessively long sentences if they can't secure unanimity. The court here could provide additional guidance, or there could be additional pattern jury instructions. I don't think it's necessary in this case because we've had 30 years of the existing instruction and statute and we have not seen overwhelming confusion in this area. Certainly there are places that could be turned to, there's the old death penalty statute, 720 ILCS 5-9-1G could provide a road map for explaining that if the party bearing the burden, here the defendant, cannot convince all 12 jurors of mitigation, then he doesn't get the mitigation he wanted, but we don't throw the whole thing out, it's not a hung jury, we go back to what the jury has already agreed on. Similarly, the pattern jury instructions for lesser included offenses, pattern jury instruction 26.01Q could provide some guidance, except in that scenario because the burden in this case is on the defendant, you would flip it around, the greater offense in this situation would actually be the second degree murder because it requires an additional finding. If there's no further questions, we would ask that the court reverse the judgment of the appellate court below. Thank you. Case number 122081, People v. Manning will be taken under advisement as agenda number 4. Ms. Payne, Mr. Rogers, we thank you for your arguments today, you are excused.